# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: _____

| | |
|---|---|
| Jennifer Nagel,<br><br>    Plaintiff,<br>v.<br><br>J.C. Christensen & Associates, Inc.,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Jennifer Nagel is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant J.C. Christensen & Associates, Inc., (hereinafter "Defendant") is a Minnesota collection agency operating from an address of 215 N Benton Drive, PO Box

1

519, Sauk Rapids, MN, 56379. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, sometime prior to April 1, 2010, Plaintiff allegedly incurred a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(5) for medical expenses.

7. Upon information and belief, the alleged debt was transferred, sold, or assigned to Defendant for collection prior to April 1, 2010.

8. Between approximately April 2, 2010 and August 20, 2010, Defendant left, at a minimum, three voice messages on a shared answering machine in an attempt to collect the alleged debt.

9. Each voice message left by Defendant between April 2, 2010 and August 20, 2010 identified the communication as being from a debt collector with "J.C. Christensen & Associates."

10. Defendant's messages were heard by at least one third party, Plaintiff's roommate, who did not have a legitimate business need for the information communicated in the message.

11. Because of Defendant's disclosure to Plaintiff's roommate, other third parties were also made aware of the existence of the alleged debt.

12. Plaintiff did not authorize Defendant to communicate with any third parties.

13. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left between April 2, 2010 and August 20, 2010 as a result of

the outgoing greeting on the answering machine.

14. Defendant communicated with a third party in connection with the collection of an alleged debt, in violation of 15 U.S.C. §§ 1692d and 1692c(b).

15. Defendant's conduct in violating the aforementioned provisions of the FDCPA has caused Plaintiff to suffer emotional distress and humiliation, constituting actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

16. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for her actual damages, statutory damages, and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts of Defendant violate the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20.     As a result of said violations, Plaintiff has suffered damages and is entitled to actual damages, statutory damages of up to $1,000.00, as well as costs and reasonable attorney's fees.  (15 U.S.C. § 1692k(a)(2)(B) and § 1692k(a)(3)).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

a)  That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
b)  That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);
c)  That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
d)  That the Court grants such other and further relief as may be just and proper.

Dated this 30th day of March, 2011.          Respectfully submitted,


By: s/ Trista M. Roy

**CONSUMER JUSTICE CENTER, P.A.**
Trista M. Roy
Attorney I.D. #0387737
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:(651) 704-0907
tristacjc@aol.com

*ATTORNEY FOR PLAINTIFF*

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA       )
                         ) ss
COUNTY OF _____    )

I, Jennifer Nagel, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                      s/Jennifer Nagel_____
                                                      Jennifer Nagel

Subscribed and sworn to before me
this 24 day of February, 2011.

s/Naimah Muhammad Bussey_____
Notary Public